## INDEPENDENT CONTRACTOR AGREEMENT

THIS AGREEMENT made this 30th day of August, 2004 by and between FAN ACTION, INC., an Indiana corporation (the "Corporation") and TIMOTHY PRISTER (the "Contractor").

### Statement of Facts

The Corporation and Contractor are parties to a certain Employment and Non-Compete Agreement dated as of June 14, 2002 (the "Employment Agreement").

Contractor was employed by the Corporation through September 3, 2003 (the "Resignation Date") on which date Contractor voluntarily resigned his employment and the Corporation has accepted Contractor's resignation.

The Corporation and Contractor have agreed to enter into this Independent Contractor Agreement (the "Restated Agreement").

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties hereto agree as follows:

1.    The Corporation and Contractor agree that the Employment Agreement has been voluntarily terminated by the Contractor as of the Resignation Date and except as expressly set forth herein, neither the Corporation nor Contractor shall have any further claims against the other pursuant to the Employment Agreement and/or the Contractor's employment thereunder, all of which claims, whether known or unknown, are hereby released by each of Contractor and the Corporation.

2.    Notwithstanding the provisions of Paragraph 1, Contractor acknowledges and agrees that he shall continue to remain bound by all of the post-term covenants set forth in the Employment Agreement, which are amended and restated as follows:

A.    **PROTECTION OF TRADE SECRETS AND OTHER CONFIDENTIAL INFORMATION.** The parties agree and acknowledge that by virtue of the Contractor's position with the Corporation, the Contractor will necessarily have full and complete access to all trade secrets, specialized marketing and distribution practices and techniques, financial information, subscriber information and other information, data and knowledge which may be of a confidential and sensitive nature, all of which the parties further agree are so vital to the continued success of the Corporation as to be protected against being disclosed or divulged by the Contractor to persons not in the Corporation's employ, particularly those who compete with the Corporation in publishing and otherwise disseminating information concerning the University of Notre Dame and its athletic programs and for any other product or service marketed or provided by the Corporation.



The Contractor then, in addition to any other limitation, regardless of the circumstances of the termination of this Restated Agreement, specifically agrees that:

(i).    He will not, whether during the term of this Restated Agreement or subsequent to the termination of this Restated Agreement, in any fashion, form or manner, either directly or indirectly, divulge, disclose, or communicate to any person, firm, or corporation, in any manner whatsoever, any information of any kind, nature or description, concerning any matters affecting or relating to the Corporation's business. Such matters include, but are not limited to, the names, addresses, phone numbers or particular desires or needs of customers or advertisers of the Corporation, the prices charged or costs associated with the Corporation's services or products, or information concerning product or market development and distribution without regard to the probability that any or all of the foregoing matters would not be deemed confidential, material, or important enough to warrant protection as a trade secret in the absence of a written agreement designating such information as "confidential" and expressly restricting the use of such information. Therefore, this Restated Agreement is intended to afford the Corporation with certain protections that it would otherwise not be entitled to and with this purpose in mind, the parties hereto stipulate that, as between them, the same are important, material and confidential, and gravely affect the successful conduct of the Corporation's business and its goodwill, and that any breach of the terms of this subparagraph is a material breach of this Restated Agreement. This subparagraph will not be deemed to prevent the employee from disclosing such matters if such disclosure is necessary to the Corporation's business and to the performance of the Contractor's duties under this Restated Agreement, so long as such disclosure does not involve a trade secret or other theretofore undisclosed matter, and the Contractor makes such disclosure under circumstances and in a manner reasonably calculated to benefit the Corporation, as opposed to the Contractor or actual or potential competitors of the Corporation.

B.    **RESTRICTIVE COVENANTS.** The Corporation and Contractor agree that the Corporation is engaged in publishing a news magazine devoted primarily to covering the University of Notre Dame and its athletic programs and related literature and information (the "Corporation's Business") and information services and has built up and established a valuable and extensive trade in this market. The Contractor expressly agrees, as further consideration of this Restated Agreement, upon the expiration of this Restated Agreement or the earlier termination for any reason whatsoever, then for a period of fifteen (15) months thereafter the Contractor shall not and he agrees that he will not, directly or indirectly, do any of the following:

2

(i)     Own an interest in, operate, join, control, or participate in, or be connected as an officer, employee, agent, independent contractor, partner, shareholder, or principal of or in any corporation, partnership, proprietorship, firm, association or other entity, developing, soliciting orders for, selling, distributing, or otherwise marketing products, goods and/or services which directly or indirectly, compete with the Corporation's Business. The Contractor acknowledges that, in view of the scope of the Corporation's Business, the area in which the Contractor shall be precluded from competing is both reasonable and reasonably required for the protection of the Corporation.

(ii)    Own an interest in, operate, join, control, or participate in, or be connected as an officer, employee, agent, independent contractor, partner, shareholder, or principal of or in The South Bend Tribune, The Irish Sports Report, Schurz Communications, or any entity affiliated with or under common ownership or control of any of the foregoing.

(iii)    Induce or influence or attempt to induce or influence, any person who is engaged as an employee, agent, broker, independent contractor, or otherwise by the Corporation, to terminate his or her engagement or to engage or otherwise participate in a business actively, directly, or indirectly, competitive with the Corporation's business;

(iv)    Either for himself or for any other person, firm, or corporation, divert or take away, or attempt to divert or take away, call upon or solicit or attempt to call upon or solicit, any of the customers of advertisers of the Corporation, or potential customers or advertisers of the Corporation or distributors of the Corporation's products or services, whom he called upon or whom he solicited or with whom he became acquainted while in the service of the Corporation as either an employee or independent contractor;

(v)    Make any use of the information described in subparagraph 2(A) above or cause or attempt to cause any other person to use such information, for purposes other than the business of the Corporation; or

(vi)    Undertake planning for, or organization of, any business activity, competitive with the Corporation's business, or combine or conspire with other employees of the Corporation for the purpose of organizing any such competitive business activity.

It is further agreed that the restrictive covenants contained in this paragraph 2 shall be limited to the Continental United States. The parties agree and acknowledge that the above restrictive covenants are both reasonable and necessary to protect the

3

interest of the Corporation as to geographical area, scope of restricted activity and duration.

C.   BOOKS AND RECORDS.   In the event of termination of this Restated Agreement for any reason, the Contractor shall deliver promptly to the Corporation the originals and all copies of any notes, books, correspondence, lists of customers, distributors and advertisers, lists of potential customers, distributors, and advertisers and all other records whether written, magnetic or otherwise relating to the Corporation's business which are in the Contractor's possession or under his control as of the date of termination.

D.   SEVERABILITY.  The Corporation and Contractor agree that the restrictive covenants contained in this paragraph 2 are severable and separate, and the unenforceability of any specific covenant herein shall not affect the validity of any other covenant set forth herein.  These covenants on the part of Contractor shall be construed as an agreement independent of any other provision in this Restated Agreement, and the existence of any claim or cause of action of Contractor against the Corporation whether predicated on this Restated Agreement or otherwise and shall not constitute a defense to the enforcement by the Corporation of said covenants.

If any court of competent jurisdiction shall determine that the time period or the territory herein restricting competition is unreasonable, said covenants shall not be determined to be null and void and of no effect, but shall be reformed by said court to impose a reasonable time period or reasonable territorial limitation, as the case may be.

E.   SURVIVAL OF COVENANTS.  This Restated Agreement shall be binding upon and inure to the benefit of any assignees of the Corporation's interests herein and any successors, heirs or representatives of the parties hereto.  The restrictive covenants and promises of the Contractor contained in this Restated Agreement shall survive any termination or recision of this Restated Agreement unless the Corporation executes a written agreement specifically releasing the Contractor from such covenants.

F.   LEGAL AND EQUITABLE RELIEF.   The parties hereby acknowledge and agree that in the event of the breach by Contractor of any of the restrictions contained in paragraphs 7, 8, or 9 of this Restated Agreement, the Corporation shall be entitled to injunctive and equitable relief both during dependency of the action and permanently, without the necessity for the posting of bond, or other security, since the remedy at law would be inadequate and insufficient to prevent a breach of this Restated Agreement, of any part of it, and to secure the enforcement of this Restated Agreement.  In addition, the Corporation bringing such action shall be entitled to such other remedies in law, in equity, or under this Restated Agreement, as may be available, including, without limitation, reasonable

4

attorneys fees and such damages as it can show that it has sustained by reason of such breach.

3.     Contractor will provide the following services to the Corporation and Corporation will pay the Contractor for such services as set forth below:

| Services | Payment |
|---|---|
| A.   Contractor will provide four stories per issue consistent in character and content with the stories which Contractor provided during his employment e.g., Extra Point, Opening Whistle, one game story and one additional story written during the week each as mutually agreed between Contractor and the Corporation. | A.   $2,000 per issue. |
| B.   Contractor will provide two stories per day for the Corporation's web site in character and content consistent with stories that Contractor provided to the Corporation's web site during his employment.<br><br>Contractor will provide daily reports on the Corporation's 900 number in character and content consistent with the 900 number reports he provided during his employment with Corporation. | B.   $575.00 per week. |
| C.   Contractor will provide reasonable consulting services and editorial support to Lou Somogyi and Pete Sampson as requested from time to time. | C.   Included in A and B above. |

4.     The Corporation shall reimburse Contractor for Contractor's reasonable travel and lodging expenses to away Notre Dame football games in a manner consistent with the Corporation's practices during Contractor's employment.

5.     This Restated Agreement shall remain in effect through March 31, 2005 unless the parties elect to extend the term hereof by a written agreement duly executed by both parties. In such event, any services to be provided by Contractor and the associated fees to be paid therefore shall be set forth in such written agreement.

5

6.     This Restated Agreement constitutes the entire agreement between the parties and no other agreements, written or oral exist.

7.     This Restated Agreement may be altered by written agreement only.

8.     This Restated Agreement shall be interpreted by the laws of the State of Indiana and no provisions of this Restated Agreement shall be interpreted for or against any party because that party or its legal representative drafted the provision.

Dated as of the date and year first above written.

"Corporation"                                  "Contractor"

Fan Action, Inc.

By: Robert J. Firth                            Timothy Prister
Its: President

6

F:\Data\Legal2\Personal\JCF\B&G\Employment Agmnts\Independent Contractor Agmt 4.doc