IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT FIRTH; FAN ACTION, INC.; and BLUEANDGOLD.COM, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Cause No. 3:10-cv-00075-PPS-CAN<br>)<br>) |
| YAHOO! INC. d/b/a RIVALS.COM;<br>TIM PRISTER; JACK FREEMAN;<br>PETE SAMPSON; SHANNON TERRY; and<br>BOBBY BURTON, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**DEFENDANTS SHANNON TERRY AND BOBBY BURTON'S MEMORANDUM OF
LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Shannon Terry and Bobby Burton, by counsel, respectfully submit the following Memorandum of Law in support of their Motion to Dismiss.

Plaintiffs' Complaint contains ten Counts: I (Misappropriation of a Trade Secret); II (Unfair Competition); III (Breach of Contract); IV (Unjust Enrichment); V (Conversion); VI (Intentional Infliction of Emotional Distress); VII (Disclosure of Trade Secrets); VIII (Malicious Interference with Employment Contract); VIIII [*sic*] (Wrongful Appropriation of Customer List); and X (RICO). Count VIII names defendants Tim Prister and Jack Freeman only. The remaining Counts apparently are "as to all defendants." No Count states a claim upon which relief may be granted as to Defendants Shannon Terry and Bobby Burton (or any Defendant, for that matter), and with the exception of Count III, all Counts are time-barred as evidenced by Plaintiffs' own allegations in their Complaint.

**Counts I, II, IV, V, VII, and VIIII**

For the reasons stated by Defendant Yahoo!, Inc. ("Yahoo!"), (1) Plaintiffs have not stated a claim for misappropriation of a trade secret and (2) the applicable statutes of limitations (whether two or three years) had already expired on these Counts long before Plaintiffs filed this lawsuit.[1]

**Count III**

The Complaint does not allege that either Terry or Burton is party to a contract with any Plaintiff, let alone that either breached such a contract.[2] Nor is Terry or Burton a party to any agreement among the stack of documents filed with the Complaint. Plaintiffs, therefore, have not stated a claim for breach of contract against Terry or Burton, and Count III should be dismissed pursuant to Rule 12(b)(6).

---

[1] Terry and Burton respectfully adopt in support of their motion the arguments presented by Yahoo! in support of its own motion to dismiss. Plaintiffs presumably contend that Indiana law governs their causes of action, and Yahoo!'s motion, therefore, appropriately addresses the applicable Indiana statutes of limitation. The August 2003 Network Affiliate Agreement between Blue and Gold Illustrated and JBS Sports, Inc. d/b/a Rivals.com filed with the Complaint (along with assorted other documents and drafts of documents) calls for Tennessee law (Network Affiliate Agr. § 18.4). Applying Tennessee law, however, would lead to the same result. See Tenn. Code Ann. § 47-25-1707 (3-year statute of limitations under Tennessee Trade Secrets Act); Sibley v. McCord, 173 S.W.3d 416, 418 (Tenn. Ct. App. 2004) (3-year statute of limitations applies to common law conversion claim under Tennessee law); Leach v. Taylor, 124 S.W.3d 87, 91 (Tenn. 2004) (1-year statute of limitations applies to intentional infliction of emotional distress claim under Tennessee law). The Court therefore need not address any choice of law issue that may exist.

[2] The Complaint mentions Terry and Burton by name in just four paragraphs. Those paragraphs allege that Terry and Burton both worked for "Rivals" (actually JBS Sports, Inc. d/b/a Rivals) and accuse Terry, Burton, and others of somehow "misdirecting" and "cherry picking" web domains and misappropriating otherwise unidentified "intellectual property and technology" (Cplt. ¶¶ 16, 30, 31, 33).

**Count VI**

For the reasons already stated by Yahoo!, (1) plaintiffs have not stated a claim for intentional infliction of emotional distress, and (2) the applicable statute of limitations had already expired as to this Count long before Plaintiffs filed this lawsuit.

**Count VIII**

This Count is "as to Defendants Prister and Freeman" only (Cplt. p. 14).

**Count X**

For the reasons already stated by Yahoo!, Plaintiffs' Count X does not state a claim under RICO.[3]  In addition, given the Complaint's allegations, any claim that Plaintiffs might try to assert under RICO would appear to be time-barred. A RICO claim must be brought within four years of the date the plaintiff discovers his alleged injury. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). Here, Plaintiffs allege unspecified "predicate acts" "from 2003, *A.D.*" (Cplt. p. 18 (italics in original)), and the last "bad act" of any type mentioned in the Complaint occurred in "August 2005 at the latest" (id. ¶ 16).[4]  Plaintiffs filed their Complaint in February 2010.

**Conclusion**

Plaintiffs have not stated a claim, and the claims that they try to state (other than "breach of contract") are time-barred given their own fact allegations contained within the Complaint.

---

[3] Yahoo!, to its credit, has sought to fathom and articulate for the Court what is often a simply incomprehensible pleading. By way of example, after abandoning the use of paragraph numbers, the rambling and repetitious Count X concludes by seeking a constructive trust "legally foreign with respect to the federal zone [*sic*], for the benefit of Plaintiffs, Mr. Robert Firth's heirs and assignees" (Cplt. p. 21, RICO Prayer for Relief (the "[*sic*]" is actually in the Complaint)). Burton and Terry respectfully have no idea what this means.

[4] Given the 4-year limitations period, Plaintiffs cannot revive their RICO count simply by making clear that the alleged wrongful conduct began in 2003 *A.D.* rather than *B.C.*

3

The Complaint and the mess of documents apparently filed with it make just one thing clear: Plaintiffs have no valid, viable claim against either Terry or Burton.

WHEREFORE, Defendants Shannon Terry and Bobby Burton, by counsel, respectfully move the Court to grant their motion to dismiss, to dismiss Plaintiffs' Complaint against them with prejudice, and for all other just and proper relief.

    Respectfully submitted,
    BENESCH, FRIEDLANDER, COPLAN &
    ARONOFF LLP


    /s/ James B. Chapman II
    Mark R. Waterfill, #10935-49
    James B. Chapman II, # 25214-32
    BENESCH, FRIEDLANDER, COPLAN
    & ARONOFF LLP
    One American Square, Suite 2300
    Indianapolis, IN  46282
    (317) 632-3232 – Telephone
    (317) 632-2962 – Facsimile
    mwaterfille@beneschlaw.com
    jchapman@beneschlaw.com

    D. Alexander Fardon, *Pro Hac Vice* Admission Pending
    Harwell Howard Hyne Gabbert & Manner, P.C.
    315 Deaderick Street, Suite 1800
    Nashville, TN  37238
    (615) 256-0500 – Telephone
    (615) 251-1059 – Facsimile
    Alex.Fardon@hg3m.com

5

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following by *via* the Court's electronic filing system on this 10th day of March, 2010:

Clay M. Patton
Osan & Patton LLP
clay@osanpattonlaw.com

Peter J. Agostino
Anderson Agostino & Keller PC
agostino@aaklaw.com

Doug A. Bernacchi
Attorney at Law
Bernacchi@adsnet.com

/s/   James B. Chapman II