IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT FIRTH, FAN ACTION, INC., AND BLUEANDGOLD.COM, </br></br>          Plaintiffs, </br></br> v. </br></br> YAHOO! INC., d/b/a RIVALS.COM, TIM PRISTER, JACK FREEMAN, PETE SAMPSON, SHANNON TERRY, AND BOBBY BURTON, </br></br>          Defendants. | CASE NO. 3:10CV075 |

**DEFENDANTS, TIM PRISTER, JACK FREEMAN AND PETE SAMPSON'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Defendants, Tim Prister, Jack Freeman and Pete Sampson, by counsel, respectfully submit the following Memorandum of Law in Support of their Motion to Dismiss.

Plaintiffs' Complaint contains ten Counts: I (Misappropriation of a Trade Secret); II (Unfair Competition); III (Breach of Contract); IV (Unjust Enrichment); V (Conversion); VI (Intentional Infliction of Emotional Distress); VII (Disclosure of Trade Secrets); VIII (Malicious Interference with Employment Contract); VIIII [*sic*] (Wrongful Appropriation of Customer Lists); and X (RICO). Count VIII names Defendant, Tim Prister and Jack Freeman only. The remaining Counts apparently are "as to all Defendants." With the exception of Count III, all Counts are time-barred as evidenced by Plaintiffs' own allegations in their Complaint.

Counts I, II, IV, V, VII and VIIII

For the reasons stated by Defendant, Yahoo!, Inc. ("Yahoo!"), (1) Plaintiffs have not stated a claim for misappropriation of a trade secret and (2) the applicable statute of limitations (whether two or three years) had already expired on these Counts long before Plaintiffs filed this lawsuit.[1]

Count III

Count III lacks any information to which contract was breached and by which party. There are three contracts attached to the Complaint, (1) the Network Affiliate Agreement, (2) Employment and Non-Compete Agreement between Fan Action, Inc. and Timothy Prister dated March 21, 1994, and (3) Employment and Non-Compete Agreement with Fan Action, Inc. and Timothy Prister dated June 14, 2002. Tim Prister is a party to two of the contracts, but not the third. Defendants ought to know at least which contract they have been accused of breaching. While detailed factual allegations in the complaint are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." *Bell Atl. Corp. Twombly*, 550 U.S. 544, 555 (2007)

---

[1] Prister, Freeman and Sampson respectfully adopt in support of their Motion the arguments presented by Yahoo! in support of their own Motion to Dismiss. Plaintiffs presumably contend that Indiana law governs their causes of action, and Yahoo!'s Motion, therefore, appropriately addresses the applicable Indiana statutes of limitations. The August 2003 Network Affiliate Agreement between Blue and Gold Illustrated and JBS Sports, Inc. d/b/a Rivals.com filed with the Complaint (along with assorted other documents and drafts of documents) calls for Tennessee law (Network Affiliate Agr.§18.4). Applying Tennessee law, however, would lead to the same result. See Tenn. Code Ann. §47-25-1707 (3-year statute of limitations under Tennessee Trade Secrets Act); *Sibley v. McCord*, 173 S.W.3d 416, 418 (Tenn.Ct.App.2004) (3-year statute of limitations applies to common law conversation claim under Tennessee law); *Leach v. Taylor*, 124 S.W.3d 87, 91 (Tenn.2004) (1-year statute of limitations applies to intentional infliction of emotional distress claim under Tennessee law). The Court, therefore, need not address any choice of law issue that may exist.

(citation omitted). The test is whether plaintiff has alleged 'enough facts to state a claim to relief that is plausible on its face" rather than merely conceivable. *Id.* at 570.

### Count VI

For the reasons already stated by Yahoo!, (1) Plaintiffs have not stated a claim for intentional infliction of emotional distress, and (2) the applicable statute of limitations had already expired as to this Count long before Plaintiffs filed this lawsuit.

### Count VIII

This Count is "as to Defendants, Prister and Freeman" only. (Complaint, p. 14). It does not state any claims as to Pete Sampson and offers no identification of what contract was breached, what term was breached, by whom, how or when. Even under notice pleading, it cannot be determined what is being alleged.

### Count X

For the reasons already stated by Yahoo!, Plaintiffs' Count X does not state a claim under RICO. In addition, given the Complaint's allegations, any claim must be brought within four years of the date the Plaintiff discovers his alleged injury. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir.1993). Here, Plaintiffs allege unspecified "predicate acts" "from 2003, *A.D.*" (Complaint, p. 18 (italics in original)), and the last "bad act" of any type mentioned in the Complaint occurred in "August 2005" at the latest" (id. ¶16).

Plaintiffs have no valid, viable claim against Prister, Sampson or Freeman.

WHEREFORE, Defendant, Tim Prister, Jack Freeman and Pete Sampson, by counsel, respectfully move the Court to grant their Motion to Dismiss, to dismiss Plaintiffs' Complaint against them with prejudice, and for all other just and proper relief.

Respectfully submitted,

   /s/ Peter J. Agostino
Peter J. Agostino
ANDERSON AGOSTINO & KELLER, P.C.
131 South Taylor Street
South Bend, IN 46601
Telephone:  (574) 288-1510

*Attorney for Tim Prister, Jack Freeman and Pete Sampson*

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 11th day of March, 2010, I electronically filed the foregoing Defendants, Tim Prister, Jack Freeman and Pete Sampson's Memorandum of Law in Support of Motion to Dismiss with the Clerk of the Court using the CM/ECF system which sent notification of such filing to Doug A. Bernacchi at bernacchi@adsnet.com, Clay M. Patton at clay@osanpattonlaw.com, Mark R Waterfill at mwatefill@dannpecar.com and James B Chapman, II at jchapman@dannpecar.com, and I hereby certify that I have mailed by United States Postal Service to the following non-CM/ECF participants:  D. Alexander Fardon, Harwell, Howard, Hyne Gabbert & Manner, P.C., 315 Deaderick St., Suite 1800, Nashville, TN 37238.

   /s/ Peter J. Agostino
Peter J. Agostino