# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT FIRTH, FAN ACTION, INC., and BLUE AND GOLD.COM , | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 3:10CV75-PPS/CAN ) |
| YAHOO! INC. d/b/a RIVALS.COM, TIM PRISTER, JACK FREEMAN, PETE SAMPSON, SHANNON TERRY, and BOBBY BURTON, | ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Robert Firth and his two companies, Fan Action, Inc. and Blue and Gold.com, filed this lawsuit claiming that Firth's business interests were interfered with by defendants Yahoo! Inc (d/b/a Rivals.com), Tim Prister, Jack Freeman, Pete Sampson, Shannon Terry and Bobby Burton. The complaint is very difficult to understand. It is 22 pages long, and with it are filed an additional 55 pages of unmarked documents to which no citation or reference is made in the complaint's 22 pages of text. The pleading begins with a five-page recitation of facts, not clearly or cogently setting forth any narrative of events, followed by the conclusory enumeration of ten counts consisting chiefly of the identification of the cause of action, the summary incorporation of the facts earlier-pled, and a prayer for relief. The single notable exception is Count X, a RICO claim, which is pled at greater length but only due to the inclusion (and repetition) of a considerable quantity of conclusory boilerplate allegations using the terminology of RICO.

By three separate motions, the defendants seek the dismissal of the complaint, which movant Yahoo accurately describes as being "not long on facts" but a "confusing, imprecise and muddled set of allegations." [DE 8, p.1].

The Supreme Court has retooled its interpretation of pleading standards in recent years, beginning with its opinion in *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007). In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (quotation marks and brackets omitted). More recently, the Court readdressed the *Bell Atlantic* decision and stated: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). Determining whether a complaint states a plausible claim for relief requires me to draw on my judicial experience and common sense. *Id*. at 1950. And although at this stage I must accept all allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported only by mere conclusory statements. *Id*.

Defendants argue generally that the complaint's summary assertion of the causes of action fails to meet Fed.R.Civ.P. 8(a)(2)'s requirement that each claim be supported by a "short and plain statement...showing that the pleader is entitled to relief" on a claim of that particular type. Plaintiffs' opposition to the motions to dismiss appears to urge me to consider the Rule 12(b)(6) motions to dismiss as motions under Rule 12(e) for more definite statement. Similar to the complaint itself, this is done in a confused and confusing manner, reiterating defendants' arguments and almost conceding that the pleading is deficient. Plaintiffs also talk about using

2

the opportunity to replead to fortify the complaint with as much detail as they can muster [DE 15, p. 3], and about having an opportunity to do discovery, presumably before having to file their amended complaint.

Defendants offer additional reasons to dismiss particular claims. For instance, defendants point out that although a number of the complaint's causes of action relate to trade secrets, the pleading does not clearly identify any alleged trade secret. Instead, the gist of these claims appears to be the co-opting of domain names, copyrights or trademarks, none of which is a trade secret; plus, no copyrights or trademarked material are actually identified, either. As to the breach of contract claim, the complaint fails to identify the contract that the claim is based on, and so fails to identify the parties suable for breach. Finally, defendants argue that most of the counts of the complaint are barred by the applicable statute of limitations.

In their opposition to the motion to dismiss, plaintiffs offer no response to any of the substantive arguments about the shortcomings of their claims, including the statute of limitations issues. On this record, I conclude that the complaint should be dismissed. I must determine, however, which of the claims should be dismissed without prejudice, and plaintiffs given an opportunity to re-plead, and which of the claims are so fatally flawed as to require dismissal with prejudice. The clear applicability of a statute of limitations based on the complaint's own allegations would place a particular claim in the latter category. "Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations. But dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the

complaint's tardiness." *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674-75 (7th Cir. 2009).

Count I is for misappropriation of trade secrets, to which a three-year statute of limitations applies under the Indiana Trade Secrets Act. [IC 24-2-3-7]. Even assuming that plaintiffs succeed in pleading the existence of trade secrets owned by them, which defendants persuasively argue they do not, the claim is barred by the statute of limitations. The complaint alleges that "[b]y 2004 at the latest," defendant Freeman began "switching domain names owned by BGI out of Fan Action's list of names and into other names or entities under his control." Complaint [DE 1], ¶12. The complaint further alleges that "[b]etween January 2005 and August 2005 at the latest," defendants "began the process of misdirecting Fan Action trademarked names and cherry picking BGI owned web domains to point to Rival's newly named ND website." *Id*. at ¶16. Defendants point out that the documents plaintiffs attach to their complaint disclose plaintiffs' awareness of this conduct as early as February 28, 2006, and no later than the cease-and-desist letter sent to Rivals.com on April 21, 2006. [DE 8, Exh. D&F]. This lawsuit was filed in St. Joseph County on February 4, 2010, well beyond the three-year limit suggested by plaintiffs' own pleading of the events which appear to underlie their misappropriation of trade secrets claim. Count I will therefore be dismissed with prejudice.

Indiana's Trade Secrets Act contains a preemption provision: "The chapter displaces all conflicting laws of this state pertaining to the misappropriation of trade secrets, except contract law and criminal law." IC 24-2-3-1(c). Defendants argue that this preemption provision applies to plaintiffs' unfair competition claim in Count II, the unjust enrichment claim in Count IV, the conversion claim in Count V, the disclosure of trade secrets claim in Count VII, and the

4

wrongful appropriation of customer lists claim in Count IX (which the complaint numbers as VIIII). Defendants contend that, as a result, each of these claims is subject to dismissal because the causes of action are preempted and/or because they are subject to the same three-year statute of limitations as Count I.

Plaintiffs offer no argument in response to this, and so make no attempt to distinguish these five claims as based on something other than misappropriation of trade secrets. On this unchallenged and reasonable reading of these claims, I conclude that Counts II, IV, V, VII, and IX are premised upon defendants' alleged misappropriation of trade secrets, and must be dismissed with prejudice as preempted by IC 24-2-3-1(c) and as time-barred by the three-year statute of limitations of IC 24-2-3-7. The conversion claim in Count V is also subject to dismissal with prejudice based on the two-year statute of limitations applicable to it. IC 34-11-2-4; *French v. Hickman Moving and Storage*, 400 N.E.2d 1384, 1388 (Ind.App. 1980).

Count III contains a breach of contract claim, as to which defendants rightly complain the contract allegedly breached is not clearly identified. None of the defendants asserts a statute of limitations defense to Count III, which will be dismissed without prejudice pursuant to Fed.R.Civ.P. 8(a) and 12(b)(6) because in its present form it lacks a short and plain statement showing that the pleaders are entitled to relief and fails to state a claim upon which relief can be granted.

Intentional infliction of emotional distress is the basis for Count VI. The same two-year statute of limitations under IC 34-11-2-4 applies to this tort claim as applies to the conversion claim discussed above. *Johnson v. Blackwell*, 885 N.E.2d 25, 30 (Ind.App. 2008). Although the precise factual basis for Count VI is unclear, the complaint and the documents attached show

that as of 2006, plaintiffs were aware of the conduct of which they generally complain, because during that year, they sent various cease-and-desist letters, copies of which are attached to plaintiffs' complaint. [DE 9, Exh. E-G]. The filing of the emotional distress claim on February 4, 2010 therefore appears to have been untimely. Again plaintiffs fail even to respond to this argument in their opposition memorandum. Count VI will be dismissed with prejudice as barred by the statute of limitations.

Count VIII is styled as a claim of "malicious interference with employment contract as to defendants Prister and Freeman." This title, along with the lack of explanatory allegations within the conclusory pleading of the claim, creates an ambiguity. The reader is unsure whether the claim is about interference with employment contract(s) between plaintiffs and Prister and Freeman (which could conceivably been have committed by any defendant), or whether the claim is one for tortious interference pled *against* only defendants Prister and Freeman. In their motion to dismiss, Prister and Freeman argue that Count VIII, as many others, is barred by the applicable statute of limitations, and that the summary pleading of Count VIII fails to identify what contract was breached, by whom, when or how.

A two-year statute of limitations applies to a tortious interference with contract claim in Indiana. *King v. Terry*, 805 N.E.2d 397, 400 (Ind.App. 2004). I have reviewed the complaint in an effort to identify the employment contract or contracts which could conceivably be at the heart of Count VIII. If the claim relates to plaintiffs' discovery that Rivals.com was using money owed to plaintiffs to pay plaintiffs' own employee Prister to work for them, that claim would be time-barred because the discovery occurred "[d]uring the first 2 year contract" with Rivals.com, or between 2001 and August 2003. [DE 1, ¶¶2, 5, 9]. The claim may be intended to

relate to the later faithlessness of Prister and Freeman as employees. The complaint alleges that Freeman's role in the theft of plaintiffs' domain names began "[b]y 2004 at the latest." [DE 1, ¶12]. Prister quit his employment with plaintiffs in 2003. [DE 1, ¶14.] Freeman quit in May 2005. [DE 1, ¶15]. Other employees of plaintiffs' followed "[b]etween May and August 2005." *Id*. None of these dates is within the two-year period preceding the filing of this lawsuit in February 2010. On this record, and with plaintiffs having failed to respond to the statute of limitations argument to offer any basis for a contrary conclusion, I find that the malicious interference with employment contract claim is time-barred and must be dismissed with prejudice.

Finally, Count X contains a RICO claim. In addition to insufficiencies in the pleading of the claim, defendants again invoke the statute of limitations, which is four years. *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009). The statute of limitations "begins to run when the plaintiffs discover, or should, if diligent, have discovered, that they had been injured by the defendants." *Id*.; *Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 800 (7th Cir.2008). "A plaintiff does not need to know that his injury is actionable to trigger the statute of limitations -- the focus is on the discovery of the harm itself, not the discovery of the elements that make up a claim." *Cancer Foundation*, 559 F.3d at 674, citing *Rotella v. Wood,* 528 U.S. 549 at 555, 558 (2000). Defendants point out that Count X itself refers to defendants' commission of RICO predicate acts "From 2003 *A.D.* and ongoing," and that the latest "bad act" of any type identified in the complaint occurred "in August 2005 at the latest." [DE 1, p.18 & ¶16]. Nonetheless, in view of the significance of plaintiffs' *discovery* of injury, which defendants themselves have dated to February 28, 2006 in

7

discussion of other claims, the timeliness of plaintiffs' RICO claim filed February 4, 2010 may yet be shown.

Although not at this time subject to dismissal with prejudice based on the statute of limitations, Count X will be dismissed without prejudice for its pleading deficiencies. Federal courts have long since been wary of the potential for abuse of civil RICO claims, which attract plaintiffs to their treble damages and attorney's fees. *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1025-26 (7th Cir. 1992) ("civil RICO plaintiffs persist in trying to fit a square peg in a round hole by squeezing garden-variety business disputes into civil RICO actions...RICO has not federalized every state common-law cause of action available to remedy business deals gone sour"). Here the RICO allegations fail to identify the alleged RICO enterprise, the persons liable or the predicate acts of racketeering. Instead, the (relatively) lengthy RICO claim merely repeats various boilerplate recitations of RICO's elements without supporting factual allegations. Rather than offer an explanatory theory of who did what constituting the existence of a RICO enterprise and the commission of predicate acts of racketeering, Count X incorporates the previously pled factual allegations four separate times in its four pages. In its present form, Count X falls far short of the requirements of Fed.R.Civ.P. 8(a) and 12(b)(6) and will be dismissed without prejudice.

Rather than respond substantively to the arguments for dismissal, plaintiffs request the opportunity to re-plead their complaint, treating the motions to dismiss as motions for more definite statement. Although I will offer plaintiffs the opportunity to replead two of their ten claims, they fail to persuade me that they should be allowed to engage in any significant discovery before doing so. Plaintiffs have already filed these claims in a verified complaint, and

thereby made the representation that the claims are non-frivolous, and that the facts alleged are likely to have evidentiary support after a reasonable opportunity for investigation and discovery. Fed.R.Civ.P. 11(b)(2) and (3); Ind.Sup.Ct.R. 11(A) and (C).[1] Discovery prior to pleading is not the norm, and no reason for allowing it here is offered or demonstrated.

## CONCLUSION

The motions to dismiss filed by defendant Yahoo! Inc. [DE 8], defendants Burton and Terry [DE 9] and defendants Freeman, Prister and Sampson [DE 11] are GRANTED AS FOLLOWS.

Counts I, II, IV, V, VI, VII, VIII and IX of plaintiffs' complaint are DISMISSED WITH PREJUDICE as barred by the applicable statutes of limitations. Counts III and X are DISMISSED WITHOUT PREJUDICE, and plaintiffs are granted thirty (30) days within which to file a first amended complaint re-pleading the claims previously asserted in Counts III and X if they can do so in compliance with Rule 8(a)'s requirement of a short and plain statement of the claims with "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Tully v. Barada*, 599 F.3d 591, 593 (7th Cir. 2010).

**SO ORDERED.**

ENTERED:    July 2, 2010

---

[1] Because the complaint was originally filed in an Indiana state court and was later removed to federal court, I cite the Indiana rule on signing and verification of pleadings along with federal Rule 11.

   /s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT